UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-00344 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| MATTHEW VICKERS | * | MAGISTRATE JUDGE KIRK |

**GOVERNMENT'S MEMORANDUM ON SELF DEFENSE AS APPLIED TO ASSAULTS ON CORRECTIONAL OFFICERS**

MAY IT PLEASE THE COURT:

The United States of America, through the Undersigned Assistant United States Attorney, respectfully submits this Memorandum on the law of self defense, as it applies to assaults on Correctional Officers under Title 18, United States Code, Section 111 ("Section 111").

I. FACTUAL APPLICATION

The defendant, MATTHEW VICKERS, has been charged under Section 111 with one count of assault on a federal officer. Patrick Craig, a Correctional Officer at United States Penitentiary Pollock ("USP Pollock"), was the victim of that assault. The assault occurred on the grounds of USP Pollock, while Craig was engaged in the performance of his official duties.

The defendant has indicated his plans to assert a theory of self defense in this case, by requesting the Court to instruct the jury under the Fifth Circuit Pattern Jury Instruction, Criminal, 1.36 (Justification, Duress or Coercion). As the Government sets forth below, however, a self defense instruction is inappropriate in this case.


## II. OVERVIEW OF SELF DEFENSE LAW

### A. Burden of Proof

Self defense is an affirmative defense in the federal system. *United States v. Alvarez*, 755 F.2d 830, 842 n.12 (11th Cir. 1985). Accordingly, to successfully invoke such a defense, the defendant must first raise the issue, and he bears the burden of production with respect to proving his defense. *Id.* The defendant, therefore, must offer some proof on each element of the self defense claim. If he fails in this regard, the Court may strike the defense entirely, or it may deny giving the instruction to the jury. *Id.* at 842 n.12. Once raised by the defendant, the burden of persuasion lies with the Government, and the Government must disprove the defense beyond a reasonable doubt. *United States v. Branch*, 91 F.3d 699, 714 n.1 (5th Cir.), *cert. denied*, 117 S.Ct. 1466 (1997).

A self defense instruction is appropriate where the defendant has presented sufficient evidence upon which the jury could rationally sustain the defense. *United States v. Hall*, 46 F.3d 855, 857 (8th Cir. 1995). However, a mere scintilla of evidence supporting the defense theory is not sufficient to warrant the instruction. *Branch*, 91 F.3d at 712; *Hall*, 46 F.3d at 857; *United States v. Morton*, 999 F.2d 435, 437 (9th Cir. 1993). Rather, there must be sufficient evidence in the record to permit a reasonable jury to find in the defendant's favor. *Branch*, 91 F.3d at 712.

Thus, if the defendant affirmatively raises the issue of self defense, but the evidence is insufficient to establish all the elements of such a defense, it is not error for the Court to refuse the instruction. *Whipple v. Duckworth*, 957 F.2d 418 (7th Cir.), *cert. denied*, 506 U.S. 876, 113 S.Ct. 218 (1992), *overruled on other grounds, Eaglin v. Welborn*, 57 F.3d 496 (7th Cir. 1995).

**B.     Substantive Law**

The theory of self defense relies on the concept that "one who is unlawfully attacked by another, and who has no opportunity to resort to the law for his defense, should be able to take reasonable steps to defend himself from physical harm." 2 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW, § 10.4(a) at 143 (2d ed.2003).

Self defense as justification for the commission of a crime has a long history in common law, and so do the criteria for invoking the defense. *See* WILLIAM BLACKSONE, 2 COMMENTARIES ON THE LAWS OF ENGLAND *30. The law does not provide a person with the right to avenge past danger, or danger of a future injury. *Acers v. United States*, 164 U.S. 388, 391-92 (1896). Rather, before a defendant may retaliate and seek the benefit of self defense, he must be in fear of imminent and immediate ***unlawful*** physical injury. *New Orleans & Northeastern R. Co. v. Jopes*, 142 U.S. 18 (1891).

The basic elements of a self defense claim are: (1) the defendant must not be the aggressor of the unlawful act; (2) the defendant reasonably believed that he was in immediate danger of unlawful bodily harm; and (3) the defendant used only such force as was reasonably believed necessary to avoid the danger. *See generally,* LaFave, *supra*, at § 10.4. Thus, if an individual has provoked the underlying conflict, or was the aggressor, his response of force is not vindicated by a claim of self defense. Neither can an individual rely on self defense to justify the use of disproportional, nor excessive, force as a response to unlawful acts by an aggressor. *United States v. Black*, 692 F.2d 314, 318 (4th Cir. 1982).

III.    SPECIAL APPLICATION TO CHARGES BROUGHT UNDER SECTION 111

Section 111 begs the Court to consider the defendant's request for an instruction on self

3

defense cautiously. Section 111 forbids any person from forcibly assaulting a federal officer who is engaged in the performance of his official duties. The purpose of the statute is "to protect both federal officers and federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975). In enacting Section 111, "Congress clearly was concerned with the safety of federal officers insofar as it was tied to the efficacy of law enforcement activities." *Id.* at 681.

The stated goal of Section 111 necessarily affords some protections to law enforcement engaged in official duties. As noted above, a defendant has the burden of proving that his alleged aggressor acted **unlawfully**, when asserting self defense. However, not every push or shove asserted by a prison guard in the day-to-day management of inmates is **unlawful**. *Sampley v. Ruettgers*, 704 F.2d 491, 494 (10th Cir. 1983). Indeed, many privileges and rights afforded to ordinary citizens are simply restricted with regard to inmates who are lawfully incarcerated. *Bell v. Wolfish*, 441 U.S. 520, 545-56 (1979).

Correctional Officers carry the heavy burden of simultaneously protecting the public, the inmates and themselves from potential harm from individuals who have already been shown to disregard the law, and who are generally "hostile to the authoritarian structure of the prison environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995). *See also Frazier v. Simmons*, 254 F.3d 1247, 1258 (10th Cir. 2001) (describing essential duties of a prison guard). Therefore, effective management of a prison population may require and justify the occasional use of a degree of intentional force.

In *Branch,* the Fifth Circuit recognized the general principle that each citizen has a "duty to accede to lawful government power and the special protection due federal officials discharging official duties." 91 F.3d at 714-15. There, the Court held that a proposed instruction on self

4

defense is not required where the action taken by a federal officer was not *objectively unreasonable* under the circumstances. *Id.* Thus, in cases involving assaults on Correctional Officers, the Court must evaluate whether the officer's action was objectively unreasonable in the inherently unsafe environment of a federal penitentiary. Where, as here, the officer's actions were *reasonable*, then an instruction on self defense is inappropriate.

IV. NEGATING SELF DEFENSE UNDER SECTION 111

Where a defendant charged under Section 111 has established sufficient evidence to permit an instruction on self defense, the Government can negate that defense by showing one of the following: (1) that the defendant was aware of the victim's status as a federal office, if the question of his knowledge was at issue in the case; or, significant to this case, (2) that the defendant resorted to excessive or unreasonable force under the circumstances. *Alvarez, supra*, 755 F.2d at 843; *United States v. Ochoa*, 526 F.2d 1278, 1281-82 (5th Cir. 1976); *United States v. Branch*, 91 F.3d 699, 714-15 (5th Cir. 1996).

Accordingly, if the evidence shows that the defendant used excessive or unreasonable force in response to actions by a Correctional Officer, the Court should not instruct the jury on self defense.

V. CONCLUSION

Given the unusual questions of security, safety and order that exist at federal penitentiaries such as USP Pollock, the defendant's claim of self defense must be limited in this case, where the Government has charged the defendant under Section 111. A self defense instruction is appropriate in this case only if the evidence is sufficient to show: (1) that Patrick Craig acted unreasonably towards the defendant on May 15, 2008; *and* (2) that the defendant

responded to Patrick Craig's actions in a proportional, reasonable manner. In evaluating the evidence, the Court should consider the special circumstances present at USP Pollock.

                Respectfully submitted,

                DONALD W. WASHINGTON
                UNITED STATES ATTORNEY

By:   /S/_____
       NICOLE O. SNYDER (Cal. Bar No. 250636)
       ASSISTANT UNITED STATES ATTORNEY
       300 Fannin Street, Suite 3201
       Shreveport, Louisiana 71101-3068
       318/676-3600

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Memorandum on Self Defense As Applied to Assaults on Correctional Officers has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

this 7th day of August, 2009.

/S/_____
Nicole O. Snyder
Assistant U. S. Attorney