UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-CR-00344 |
| VERSUS | JUDGE DRELL |
| MATTHEW VICKERS | MAGISTRATE JUDGE KIRK |

### MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

MAY IT PLEASE THE COURT:

This matter will come before your Honor for trial on Thursday, August 13, 2009.

Vickers is charged with assault, by forcible physical contact, on Patrick Craig, an employee of the United States Bureau of Prisons. This offense does not require that the victim suffer bodily harm, that the offender use a deadly weapon, or that the assault creates apprehension in the victim. See: *United States v. Ramirez,* 233 F.3d 318, 322 (Fifth Cir. 2000). The government is not required to prove that Patrick Craig suffered bodily injury, that a deadly weapon was used, nor that apprehension was created in Patrick Craig.

Discovery provided by the United States includes medical documents detailing Patrick Craig's injuries, as well as other staff members' alleged injuries, and photographs of those injuries.

Pursuant to Rule 402 of the Federal Rules of Evidence, evidence that is not relevant is not admissible. The evidence of injuries to Patrick Craig, or any other staff member, allegedly caused by this incident, is not relevant because the United States is not required to prove any injury, as an element of the offense.

Pursuant to Rule 403 of the Federal Rules of Evidence, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.  Even if this evidence was to be deemed relevant, the minor nature of these injuries is such that its introduction would unfairly prejudice Vickers, confuse the issues, and mislead the jury.

Discovery provided by the United States also indicates that four Bureau of Prisons staff members, Joshua Caverzagie, J. Caldero, John Blaney, and S. Matherne contend that either after the incident or as Vickers was being subdued during the incident, he referred to some staff members as crackers and used obscene terms in doing so, and made further statements to the effect that if the staff wanted to fight, he would give them a fight.

These statements are not relevant and will serve to unfairly prejudice Vickers in the eyes of Caucasian jurors.

Unlike problems created by selectively deleting language from a tape recording of a conversation, where the flow of the conversation would be interrupted, and the usefulness of the evidence arguably decreased, prohibiting this evidence would not prevent the government from presenting evidence, presumably through the testimony of Patrick Craig, that it was Vickers who was the aggressor in this matter.

For these reasons, this evidence should be prohibited from being introduced at the trial of this matter.

          RESPECTFULLY SUBMITTED,

          REBECCA L. HUDSMITH
          FEDERAL PUBLIC DEFENDER FOR THE
          MIDDLE & WESTERN DISTRICTS OF LOUISIANA


BY:    S/ WAYNE J. BLANCHARD  (LA #3113)
         Assistant Federal Public Defender
         102 Versailles Blvd., Suite 816
         Lafayette, Louisiana  70501
         (337)262-6336 (Phone)     (337)262-6605 (Fax)

         COUNSEL FOR MATTHEW VICKERS

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above MEMORANDUM IN SUPPORT OF MOTION IN LIMINE has been served on Ms. Nicole O'Brien Snyder, Assistant United States Attorney, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101-3068 via notice of electronic filing (NEF).

Lafayette, Louisiana, August 11, 2009.

S/ WAYNE J. BLANCHARD