**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 08-CR-00344** |
| **VERSUS** | **JUDGE DRELL** |
| **MATTHEW VICKERS** | **MAGISTRATE JUDGE KIRK** |

**MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL**

MAY IT PLEASE THE COURT:

On Friday, August 14, 2009, the jury convicted defendant MATTHEW VICKERS (hereinafter referred to as "Mover"), of assault using forcible physical contact, in violation of 18 U.S.C. §111.

This court also charged the jury regarding the responsive offense of simple assault, also in violation of 18 U.S.C. §111.

During its deliberations, at approximately 12:22 p.m., the jury sent a note which read:

Does a reasonable doubt between a forcible and simple assault exist because we could not see the beginning of the altercation. Some jurors feel that it was provoked and more to it than we saw.

In order to answer this note, all parties returned to the courtroom and an on the record discussion was held regarding how this note should be handled. Following the discussion, the jury was returned to the courtroom.

Basically, the court's instruction to the jury was that they had all of the evidence, as well as a copy of the Jury Instructions and that they should review the evidence and the jury instructions and continue deliberations.

At approximately 12:42 p.m., the jury returned a verdict of guilty as charged of assaulting a federal officer, using forcible physical contact.

Undersigned counsel believes that this guilty verdict was returned approximately two minutes, but certainly not more than five minutes, following the jury's return to their deliberations.

Federal Rule of Criminal Procedure 33(a) provides that a court may grant a new trial if the interests of justice so require.

In determining whether or not to grant a new trial, the court must take into consideration Federal Rule of Evidence 606(b), which limits jury testimony regarding the jury's deliberations.

Federal Rule of Evidence 606(b) provides:

> **(b)** **Inquiry into validity of verdict or indictment.** Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

In *United States v. Rhines*, 143 Fed.Appx. 478, 485 (3rd Cir. 2005) 2005 WL 1845518, an unpublished opinion, the defendant moved for a new trial on several grounds. He based one of his grounds upon the fact that the court had acquitted him on Counts 1 and 2, and that in convicting him on Count 3, the jury used evidence from those two counts. The motion for a new trial was denied because the court found that there was nothing in the record to support a finding that the jury had

failed to follow the court's instructions that they were to decide Count 3 using only evidence that was applicable to Count 3.

In this matter, the note obviously indicates both that members of the jury had reasonable doubts and that they believed that Mover may have been defending himself against the use of excessive force by Patrick Craig.

What is most important is that, in the short period of time between the juror's dismissal from the courtroom, following the written question, and the return of the guilty verdict, the jury could not have possibly complied with this court's instruction that they review the evidence, and the court's jury instructions, and continue to deliberate. The Minutes of Court indicate that court began at 9:30 a.m. and that the jury retired to deliberate at 11:15 a.m., an hour and 45 minutes later. There was a recess of approximately 10 minutes between undersigned counsel's closing argument and rebuttal by the government. The reading of these instructions by the jury, as instructed by this court, would have taken at least 20 minutes. If they had done so, they would have had a much better understanding of their duty and, in particular would have known, as the court instructed at page 26, that they were not to give up their honest belief as to the weight or effect of the evidence solely because of the opinion of fellow jurors, or for the mere purpose of returning a verdict.

Under these circumstances, the court should exercise the discretion afforded it by Federal Rule of Criminal Procedure 33 and, in the interests of justice, grant Mover a new trial.

        RESPECTFULLY SUBMITTED,

        REBECCA L. HUDSMITH
        FEDERAL PUBLIC DEFENDER FOR THE
        MIDDLE & WESTERN DISTRICTS OF LOUISIANA

BY:   S/ WAYNE J. BLANCHARD  (LA #3113)
        Assistant Federal Public Defender
        102 Versailles Blvd., Suite 816
        Lafayette, Louisiana  70501
        (337)262-6336 (Phone)     (337)262-6605 (Fax)

        COUNSEL FOR MATTHEW VICKERS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL has been served on Ms. Nicole O'Brien Snyder, Assistant United States Attorney, 300 Fannin Street, Suite 3201, Shreveport, Louisiana 71101-3068 via notice of electronic filing (NEF). Lafayette, Louisiana, August 25, 2009.

S/ WAYNE J. BLANCHARD